FILED
MAR 11 2010

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

KOFI KYEI,

           Plaintiff,

v.

OREGON DEPARTMENT OF
TRANSPORTATION,

           Defendant.

Case No. CV 07-1607-AC

OPINION AND ORDER

*Opinion*

Before the court is defendant Oregon Department of Transportation's ("ODOT") cost bill. The jury returned a verdict against plaintiff Kofi Kyei ("Kyei")[1] and in favor of ODOT on Kyei's discrimination, hostile work environment, and retaliation claims based on race and national origin under Title VII. The court denied Kyei's post-verdict motion for new trial. ODOT, as the prevailing

---

[1] Kyei is pronounced "shay".

OPINION AND ORDER          1

party, now seeks to recover $10,372.05 in costs. The court grants in part and denies in part ODOT's cost bill, and awards ODOT $2,595.35 in total costs, as explained below in more detail.

*Background*

Kyei, a black man born in Ghana, worked for ODOT from March 2002 until May 2006, when ODOT terminated his employment as the final step in a series of disciplinary actions for unacceptable job performance. In October 2007, Kyei filed a discrimination lawsuit against ODOT and other defendants under federal and state law. As a result of the court's summary judgment ruling and Kyei's voluntary dismissals, all defendants except ODOT and some of Kyei's claims, including all of his state law claims, were dismissed from this action. Kyei's Title VII discrimination, hostile work environment, and retaliation claims against ODOT were tried to a jury over five days.

As part of its pretrial filings, ODOT submitted motions in limine to exclude evidence Kyei intended to present at trial or which it anticipated Kyei would offer. The court granted one of ODOT's motions and denied another, granted in part and denied in part a third, and denied a fourth as moot. ODOT also listed twenty-six witnesses on its witness list but ultimately called only thirteen of these witnesses to testify at trial. ODOT submitted more than 100 exhibits for trial, the great majority of which were received in evidence.

*Standards*

The specific items a prevailing party may recover as costs are listed in 28 U.S.C. § 1920. Costs "should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). This rule creates a presumption in favor of awarding costs to the prevailing party; if a district court departs from that presumption, it must provide an explanation so that the appellate court can determine whether the district court abused its discretion. *See, e.g., Association of Mexican-American Educators* v. *State*

OPINION AND ORDER                         2

*of California,* 231 F.3d 572, 592-93 (9th Cir. 2000) (en banc) (if disallowing costs, the district court should "explain why a case is not 'ordinary' and why, in the circumstances, it would be inappropriate or inequitable to award costs."). *See also Save Our Valley v. Sound Transit,* 335 F.3d 932, 945 (9th Cir. 2003) (district court "need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award"). Courts, however, are free to construe the meaning and scope of the items enumerated as taxable costs in §1920, *Alflex Corp. v. Underwriters Lab., Inc.,* 914 F.2d 175, 177 (9th Cir. 1990) (per curiam), and the trial judge has wide discretion in awarding costs under FRCP 54(d)(1). *Arboireau v. Adidas Salomon AG,* No. 01-105-ST, 2002 WL31466564, at *4 (D. Or. June 14, 2002).

*Discussion*

A. <u>Waiver of Costs</u>

Kyei challenges ODOT's cost bill in its entirety on the grounds that his financial resources are "limited" and because an award of costs would impose a "chilling effect" on future civil rights litigants. He argues that awarding costs would dissuade others from pursuing their rights under Title VII. ODOT responds that costs should be waived only in cases of extraordinary importance, such as cases whose outcome will affect large groups of people or shape public policy, but that Kyei's case concerned only his specific employment situation, the outcome of which would have no effect on others.

The court declines to waive taxing of costs against Kyei. First, Kyei claims his financial resources are "limited" but he does not claim that he is indigent or that paying costs would render him indigent. In addition, as explained below, the amount the court has awarded to ODOT is significantly less – approximately seventy-five percent less – than the amount ODOT sought to

OPINION AND ORDER              3

recover. Further on this point, the court notes that it is "incumbent upon the losing party to demonstrate why the costs should not be awarded, *Stanley v. University of Southern California*, 178 F.3d 1069, 1079 (9th Cir. 1999), and that Kyei has provided only the assertion of his counsel to support his contention. In sum, Kyei has not provided reasons for denying costs that are sufficiently persuasive to overcome the presumption in favor of an award.

Kyei's reliance on *Stanley* is misplaced because his situation is unlike the *Stanley* plaintiff's in several key respects. The district court had taxed costs against Stanley in the amount of $46,710.97 (*id.* at 1080), in contrast to the $2,595.35 the court has awarded ODOT here. Stanley was unemployed at the time the cost bill award was entered (*id.*); here, Kyei is employed part-time. Finally, the *Stanley* court observed that "the imposition of such high costs on losing civil rights plaintiffs of modest means may chill civil rights litigation in this area" (*id.*), but the cost award here is both substantially lower than that in *Stanley* and well within the range of cost awards typically arising out of Title VII cases. Accordingly, the court denies Kyei's request that the court waive taxing of all costs against him.

B. Docket Fees (28 U.S.C. § 1920(5))

A prevailing party may recover a docket fee. 28 U.S.C. § 1920(5). That fee is $20.00 and is recoverable "on trial or final hearing (including a default judgment whether entered by the court or by the clerk) in civil, criminal, or admiralty cases[.]" 28 U.S.C. § 1923(a). Kyei does not specifically oppose this cost. Accordingly, the court allows this cost in the amount of $20.00.

C. Deposition Costs and Transcripts (28 U.S.C. § 1920(2))

Under 28 U.S.C. § 1920(2), a prevailing party may recover "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case[.]" *See also* FED. R. CIV.

OPINION AND ORDER                                4

P. 54(d)(1) ("costs . . . should be allowed to the prevailing party"). "Depositions are 'necessary' if introduced into evidence or used at trial for impeachment or cross-examination." *Arboireau*, 2002 WL 31466564, at *5. The cost of a deposition not used at trial still may be recovered "if taking the deposition was reasonable as part of the pretrial preparation of the case rather than merely discovery for the convenience of counsel, or if the deposition was required for a dispositive motion." *Id.*

ODOT seeks to recover the costs incurred for obtaining deposition transcripts for witnesses E. Blair Johnson, John Johnson, and Kelly Taylor, as well as for the transcript from the summary judgment hearing. Kyei opposes a cost award for the E. Blair Johnson transcript because ODOT ordered it after the court granted summary judgment dismissing him from the case. Kyei also opposes costs for the summary judgment hearing transcript because it was not necessary for ODOT's pre-trial preparation, but obtained only for the convenience of counsel. ODOT responds that all deposition transcripts were necessary to prepare for trial, to prepare witnesses for trial, and to impeach certain witnesses at trial. ODOT also contends that the summary judgment hearing transcript was obtained to confirm the representations of Kyei's counsel regarding Kyei's theory of the case as to the Title VII claims. Lastly, ODOT argues that the deposition transcripts were used to prepare its motions in limine.

Disallowance of expenses for depositions not used at trial is within the district court's discretion. *Washington State Dep't. of Transp. v. Washington Natural Gas Co., et. al.*, 59 F.3d 793, 806 (9th Cir. 1995). However, in calculating award of costs, a court may, it its discretion, tax deposition and copying costs even if the items in question were not used at trial. *Sea Coast Foods, Inc. v. Lu-Mar Lobster and Shrimp, Inc.*, 260 F.3d 1054 (9th Cir. 2001).

First, Kyei does not object to transcript and court reporter costs for his deposition. Thus, the

OPINION AND ORDER                5

court allows this cost in the amount of $828.50.

Second, John Johnson and Kelly Taylor were key witnesses in the case and their actions were the primary focus of Kyei's claims. In fact, both Kyei and ODOT called Johnson and Taylor in their respective cases-in-chief. That these witnesses' deposition transcripts were necessarily obtained "for use in the case" is clear, given their alleged role in the events upon which Kyei based his claims. Accordingly, court reporter and transcript costs of $618.75 for John Johnson and $408.55 for Kelly Taylor are allowed.

Third, the court disallows the court reporter and transcript cost for E. Blair Johnson's deposition. The court's summary judgment ruling dismissed E. Blair Johnson as a party in the case. Thereafter, his trial testimony would have pertained only to a narrow issue in the case and would have been of limited duration, a fact made clear by the court's summary judgment ruling. Ultimately, ODOT did not call him as a witness at trial. Kyei represents that ODOT did not order the transcript of E. Blair Johnson's deposition until after the court dismissed Johnson as a defendant in the case; ODOT does not refute this representation. Considering all relevant factors, the court denies this cost.

Fourth, the court allows the court reporter and transcript cost for the summary judgment hearing. The court ruled from the bench on ODOT's and the other defendants' summary judgment motion. Well in advance of that hearing the court advised counsel for the parties that it intended to rule from the bench to ensure that the case would be tried, if trial was necessary, on the previously scheduled trial date. Neither side objected to the court ruling from the bench. Transcription of the summary judgment hearing would have been necessary to obtain written details of the court's ruling on the defendants' motion, as well as for use in the case going forward to trial. Accordingly, the

court allows this cost in the amount of $272.50.

D.     Witness Fees (28 U.S.C. § 1920(3))

Witness fees are a recoverable cost under 28 U.S.C. § 1920(3). To be taxable as costs the witness's testimony must be material to an issue tried and reasonably necessary to its disposition. *United California Bank v. THC Financial Corp.*, 557 F.2d 1351, 1361 (D. Haw. 1977). The trial judge is in the best position to determine whether the testimony meets this standard. *Id.*

ODOT seeks witness fees and mileage for eleven of the twenty-six witnesses it listed for trial. Kyei objects to the witness fees ODOT seeks for six of these witnesses – Kevin Alano, Larry Miller, Jon Rosenberger, Pamela Strawn, Raymond Tindell, and Linda Williams – because they did not actually testify at trial. Kyei argues that ODOT must show that these witnesses' testimony was "material to an issue tried and reasonably necessary to its disposition," and that ODOT has failed to meet this standard as to these six witnesses. ODOT responds that these witnesses were on its witness list, the purpose of their potential testimony was described, and "theses [sic] witnesses were necessary to a material issue at trial and [ODOT] is entitled to recover those costs."

ODOT chose not to call each of these six witnesses at trial, which choice reflects ODOT's conclusion that none of the six ultimately were needed at trial to address a material issue. In light of this undisputed fact, ODOT has not demonstrated how these six witnesses' testimony were necessary to a material issue at trial even though none of them were called to testify at trial. Accordingly, the court disallows costs for these six witnesses and allows costs for the remaining five witnesses, as follows:

| Witness | Attendance Fee | Mileage | Total |
| --- | --- | --- | --- |
| Chris Meyers | $40.00 | $50.77 | $90.77 |

OPINION AND ORDER                              7

| | | | |
|---|---|---|---|
| Dave Polly | $40.00 | $50.77 | $90.77 |
| Lenore Delusia | $40.00 | $2.25 | $42.25 |
| Howard Fegels | $40.00 | $59.87 | $99.87 |
| Tommye Gilbreath | $40.00 | $3.39 | $43.39 |
| **TOTAL** | | | **$367.05** |

Accordingly, ODOT may recover $367.05 in witness fees.

E.  Records Subpoena Fees

ODOT seeks $80.00 in total fees for records subpoenas issued to two of Kyei's health care providers. Kyei does not specifically object to these costs.

Kyei originally claimed that ODOT's actions caused him emotional distress and physical ailments, and he sought damages for these injuries. Shortly before trial, Kyei dropped his claim for any non-economic damages. Prior to Kyei's voluntary dismissal of his claim for non-economic damages, ODOT properly believed that it would face these claims in the case, including at any trial. Therefore, subpoenas to obtain records related to this claim were appropriate and the court allows the cost to obtain them, in the amount of $80.00.

F.  Copying Costs (28 U.S.C. § 1920(4))

A prevailing party may recover "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Copying costs for documents produced to opposing parties in discovery, submitted to the court for consideration of motions, and used as exhibits at trial are recoverable. *Arboireau*, 2002 WL 31466564, at *6 (*citing Fressell v. AT&T Tech., Inc.*, 103 F.R.D. 111, 115-16 (N.D. Ga. 1984)). However, recoverable copying costs "do 'not include extra copies of filed papers, correspondence,

OPINION AND ORDER                    8

and copies of cases since these are prepared for the convenience of the attorneys.'" *Id.* (citation omitted). Recoverable copying costs also do not include costs associated with in-house photocopying for use by counsel. *Frederick v. City of Portland*, 162 F.R.D. 139, 144 (D. Or. 1995). A party's conclusory assertion that all copies were reasonably necessary to its case is, by itself, insufficient. *Kraft v. Arden*, No. 07-487-PK, 2009 WL 73869, at *9 (D. Or. Jan. 8, 2009). *See also Arboireau*, 2002 WL 31466564, at *6 (same).

ODOT requests an award of copying costs totaling $6,638.21. ODOT asserts that the copying costs were incurred when making copies of discovery documents produced to Kyei, for documents produced by Kyei to the defendants and for which defendants were charged, for documents from other court proceedings in which Kyei was involved, and for medical documents from Kyei's medical providers. Kyei responds that ODOT has simply made a conclusory assertion and failed to make an adequate showing of its entitlement to recovery for copying costs, citing *Kraft v. Arden* for support.

The court agrees that ODOT has not met its burden to explain the nature of the copying costs. In *Key Bank Nat'l Ass'n v. Van Noy*, 598 F. Supp. 2d 1160 (D. Or. 2009), Judge Hubel denied copy costs to the prevailing party because the prevailing party failed to explain the nature of the photocopying charges and the court could not determine which costs, if any, were properly awardable and which were not. *Id.* at 1168. Here, ODOT asks the court to award it $4,454.20 in copying costs and provides only conclusory assertions that the costs are recoverable under 28 U.S.C. § 1920(4). The exhibits attached to verify ODOT's copy costs reflect only the date and amount of the charges for the print-outs and copies but do not describe the purpose for which the documents were printed or copied. The court is no better position here than was Judge Hubel in *Key Bank* to determine "the

OPINION AND ORDER                9

nature of the photocopying charges and . . . which costs, if any, were properly awardable and which were not." Accordingly, the court disallows this item of cost in its entirety.

*Order*

For the reasons explained above, ODOT's cost bill (#121) is GRANTED in part and DENIED in part, as follows:

| | |
|---|---|
| Docket fees: | $ 20.00 |
| Deposition Costs and Transcripts: | 2,128.30 |
| Witness Fees: | 367.05 |
| Record Subpoena Fees: | 80.00 |
| **TOTAL COSTS AWARDED:** | **$2,595.35** |

Dated this 11th day of March, 2010.

John V. Acosta
U.S. Magistrate Judge

OPINION AND ORDER         10