IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


| | |
|---|---|
| KOFI KYEI, | Civ. No. 07-1607-AC |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| OREGON DEPARTMENT OF TRANSPORTATION; STATE OF OREGON; JOHN R. JOHNSON; E. BLAIR JOHNSON; KELLY TAYLOR, | |
| Defendants. | |

_____

ACOSTA, Magistrate Judge:

      Plaintiff Kofi Kyei ("Kyei") filed a "Rule 60 Motion" in which he appears to seek reconsideration of three rulings by the court. The first, issued on November 16, 2009, is the judgment entered following the jury trial wherein judgment was entered against Kyei on all claims.

The second, issued on March 2, 2010, is an order denying Kyei's motion for a new trial. The third, issued on March 11, 2010, is an order granting in part and denying in part Defendant Oregon Department of Transportation's ("ODOT") cost bill and awarding total costs of $2595.35.

Federal Rule of Civil Procedure 60(b) provides that the court "may relieve a part or its legal representative from a final judgment, order, or proceeding[,]" for various reasons, including "any other reason that justifies relief." FED. R. CIV. P. 60(b). In his motion, Kyei refers generally to righting a judicial wrong caused by "a hijack of judicial process or fraud upon the court." (Kyei Memorandum 2.) Kyei also requests that the court schedule oral argument on this motion after the court has appointed pro bono counsel.

The court may not consider Kyei's motion for reconsideration. As of Kyei's notice of appeal, the court lacks jurisdiction over the matters on appeal. "The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Thus, where a notice of appeal has been filed, a district court lacks jurisdiction to rule on a motion for reconsideration. *See Katzir's Floor and Home Design, Inc. v. M-MLS.com*, 394 F.3d 1143, 1148 (9th Cir. 2008) ("Appellants argue on appeal that the district court abused its discretion [] when it denied their Rule 60(b) motion. . . . We cannot reach this issue. The district court lacked jurisdiction to entertain the Rule 60(b) motion, which was filed after the notice of appeal had been filed, thereby stripping the district court of its jurisdiction." (internal citations omitted)). Where the court lacks jurisdiction, it must deny the motion without further consideration. *See Neal v. United States*, 2010 U.S. Dist LEXIS 87337, at *4 (D. Ariz. Aug. 2, 2010) ("The Ninth Circuit's recent reinstatement of petitioner's appeal . . . divests this court of jurisdiction to consider the IFP motion pending here. Therefore, the court denies petitioner's

pending IFP motion for lack of jurisdiction." (internal citations omitted)).

Here, Kyei filed a notice of appeal on April 1, 2010. The notice seeks review of the post-trial judgment, the order denying a motion for a new trial, and the order partially granting ODOT's cost bill, among other actions by the court. Accordingly, these matters are no longer before this court and Kyei's motion for reconsideration is denied.

*Conclusion*

Because the court lacks jurisdiction, Kyei's Rule 60 Motion (#169) is DENIED.

IT IS SO ORDERED.

DATED this 15th day of October, 2010.

/s/ John V. Acosta
JOHN V. ACOSTA
United States Magistrate Judge