IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KOFI KYEI,                                                          Civ. No. 3:07-cv-01607-AC

                 Plaintiff,                                          OPINION AND
                                                           ORDER

        v.

OREGON DEPARTMENT OF
TRANSPORTATION, STATE OF
OREGON, JOHN R. JOHNSON, E. BLAIR
JOHNSON, KELLY TAYLOR,


                 Defendants.

_____

ACOSTA, Magistrate Judge:

*Introduction*

      This case arose from employment discrimination claims filed by Plaintiff Kofi Kyei ("Kyei")

against Defendants Oregon Department of Transportation ("ODOT"), the State of Oregon, John R.

Johnson, E. Blair Johnson, and Kelly Taylor (collectively "Defendants"). The court granted partial

OPINION AND ORDER               1                             {KPR}

summary judgment in favor of Defendants and the remaining claims were tried to a jury in October 2009.  The jury returned a defense verdict and the court issued a judgment to that effect.

Following that judgment, Kyei pursued relief via two avenues:  post-trial motions and appeals to the Ninth Circuit Court of Appeals.  Kyei's post-trial motions have themselves taken two forms: motions for relief from judgment under Federal Rule of Civil Procedure ("Rule") 60(b) and requests that the court redact the record and hearing transcripts to protect privileged information from public disclosure.  Kyei also twice appealed to the Ninth Circuit, first, the judgment following the jury verdict on the merits and, second, this court's ruling with respect to one of his post-trial motions. As such, Kyei's dual efforts to obtain judicial relief, via post-trial motions and appeals, are intertwined.

Presently before the court is Kyei's request that the court issue an indicative ruling stating that it will entertain a Rule 60(b) motion, despite the fact that an appeal is currently pending before the Ninth Circuit.  This request refers to a procedural requirement that permits the district court to entertain a motion after an appeal has been filed, despite the general rule that a pending appeal divests it of jurisdiction over the issues on appeal.  Federal Rule of Appellate Procedure 12.1 provides that where a district court lacks jurisdiction to consider a motion because the case is pending appeal in the circuit court of appeals, it may indicate to the appellate court "that it would grant the motion or that the motion raises a substantial issue" and the appellate court "may remand for further proceedings but retains jurisdiction unless it expressly dismisses the appeal."  FED. R. APP. P. 12.1(b).  This requirement does not apply to Rule 60(b) motions where they do not implicate the issues presently on appeal.  Nonetheless, Kyei's request has triggered this court's review of the complicated procedural posture of this case to determine whether Kyei is entitled to the relief

presently sought.

*Procedural Background*

As stated above, this case was tried to a jury, the jury returned a defense verdict, and the court issued a judgment consistent with that verdict. The following took place subsequent to the entry of judgment in Defendants' favor.

I.    Post Trial Motions

On November 24, 2009, Plaintiff Kofi Kyei ("Kyei") moved for a new trial on the ground that the admission of evidence regarding Kyei's character was unfairly prejudicial. (Docket #121.) The court denied the motion, finding that the evidence cited was neither character evidence nor unfairly prejudicial. (Docket #135.) After ruling on the motion for a new trial, the court awarded Defendants costs of approximately $2,600, payable by Kyei. (Docket #136.) As discussed below, Kyei appealed to the Ninth Circuit.

Kyei again filed a motion for a new trial on October 12, 2010. Kyei brought this motion under Rule 60(b), seeking relief from the court's prior rulings, specifically the judgment entered after the jury trial (#120), the denial of the motion for a new trial because of prejudicial character evidence (#135), and the bill of costs entered in favor of ODOT (#136). In his supporting memorandum, Kyei stated as the basis for his motion: "Plaintiff files this motion pursuant to Fed. R. of Civ. P. 60(b) and 60(d), the record, as well as the case law, eye-witness testimony and the evidence to be adduced and presented before this court." (Docket #170 at 1.) Kyei went on to request that oral argument be set after the pro bono appointment of counsel had been successfully made, and sought leave to "submit additional memoranda, supplemental details and evidentiary filings in support of the motion, after the CM/ECF system's motion filing conflicts are finally resolved, and the court-appointed *pro bono*

counsel has completed and complied with this court's order." (Docket #170 at 1-2.) The motion was an extremely general request for relief from judgment based on the rules, the record, the law, testimony and other evidence; in other words, Kyei filed what appeared to be a second Rule 60(b) motion on the merits.  In that motion, Kyei requested an opportunity to develop the record and submit additional argument, but did not specify the subject matter of the motion.  The court, in an October 15, 2010, order ("the October 15 Order"), denied Kyei's motion for relief from judgment on the ground that, in light of Kyei's pending appeal, it lacked jurisdiction to consider those matters on appeal.  This order is the subject of Kyei's second appeal to the Ninth Circuit, discussed in greater detail below.

Kyei filed another post-trial motion on October 19, 2010, entitled "Plaintiff Statement of Redaction & Motion to Redact Additional Information." (Docket #174.)  The motion text asked the court to redact and seal the testimony of Defendants, Defendants' counsel, and Defendants' witnesses on the fourth day of trial, or October 16, 2009.  *Id*.  In the supporting memorandum, Kyei invoked the importance of attorney-client privilege and its protection of attorney work product and additionally requested redaction and sealing of the transcripts from the final pretrial conference and the entirety of the jury trial.  Kyei contended that failure of the court to comply with his request would permit public access to privileged material.

The same day that the motion and memo were filed, the court held a telephone hearing in which Kyei asked for an extension of time to file this request, and the court extended the deadline to October 22, 2010.  Accordingly, the court denied the already-filed motion in a minute order: "DENYING as MOOT plaintiff's statement of redaction and motion to redact additional information (#174), in light of the fact that plaintiff and counsel for plaintiff were granted an extension of time

to 10/22/10, in which to file any notice/redaction request. This motion is denied with right to refile within the deadline set, if appropriate." (Docket #177 (modified for clarity).) Kyei did not file any additional materials in conjunction with this request. It bears noting that as of the date of the present order, the pretrial conference and trial transcripts are sealed in their entirety.

On February 9, 2011, Kyei filed another post-trial motion entitled "Plaintiff Statement of Redaction & Motion to Redact Additional Information." (Docket #201.) Again, in the text of the motion, Kyei asked the court to redact and seal trial testimony, specifically the testimony of two union representatives taken on October 16, 2009, and any other transcripts or trial preparation that the court deemed appropriate for such treatment. The attached memorandum in support identified specific testimony that Kyei argued was inappropriate. First, Kyei identified an exchange between himself as witness and an attorney for Defendants wherein the attorney read the location of his current residence into the record, which Kyei characterized as intimidation. He also asserted that Defendants have surveilled him and, in doing so, obtained communications protected by the attorney-client privilege. Kyei argued that the trial transcript is replete with this ill-gotten information, but cited in particular the testimony of two union representatives whom, Kyei claimed, represented him previously with respect to his discrimination claim. Kyei next argued that prejudice would result if the court denied the motion, and requested a hearing in order to discuss the possibility of sanctions against Defendants for improper conduct.

Defendants issued a response to this third motion.[1]  First, Defendants argue that the admissibility of the union representatives' testimony was disputed at trial and admitted by the court,

---

[1] They first note that Kyei failed to confer before filing the motion. In his reply, Kyei responds that he attempted repeatedly to confer, but did not receive a response from Defendants. The court will assume that conferral would not have been successful.

OPINION AND ORDER                        5                                {KPR}

and that Kyei only now argues that they were members of his legal team, presumably in the early stages of his discrimination complaint. According to Defendants, the proper course for Kyei to address this problem is to appeal the ruling on admissibility. Second, Defendants contend that information relating to Kyei's location is not privileged, Kyei provided no legal authority to suggest that it is, and further that the information was solicited to show that Kyei was not left homeless as a result of being terminated from his job. Finally, Defendants objected to a hearing regarding how the allegedly inappropriate information was obtained because, first, Kyei did not specify the information in question and, second, no authority was given to justify such a hearing. Kyei responded that a hearing is necessary to "adduce the extent of the Defense activities that contaminated the trial." (Reply (#203) 1.) Kyei argued that the union representatives were not disclosed as witnesses until they arrived on the final day of trial, and that one of these witnesses discussed Kyei's case, but also selectively asserted privilege when asked to discuss other parts of Kyei's case. This, Kyei contended, forms a factual basis for his allegations that Defendants have endeavored to intimidate, conduct surveillance, selectively deploy privileged information, and otherwise compromise the integrity of the court proceedings in order to prevail. Kyei argues, in conclusion, that it is in the interests of justice to expose misconduct and that if Defendants were not culpable, they would welcome such a hearing.

In response to the filing of this motion, the court entered a minute order stating that it would not entertain additional motions under Rule 60 seeking redaction of transcripts as they were duplicative of previously denied motions #169 and #174. Thereafter, Kyei requested clarification of this order and the court rescinded its refusal to consider Rule 60 motions. It explained: "The court notes that Kyei has repeatedly moved to redact the same information from the trial transcript,

which motions have already been denied.  For this reason, the court also denies Kyei's Motion to

Redact Transcript of Proceedings (#201)."  (Docket #208.)

II.    Appeals to the Ninth Circuit

On April 4, 2010, Plaintiff notified the court that he had filed an appeal in the Ninth Circuit

Court of Appeals.  The notice reads:

> Notice is hereby given that Kofi Kyei, plaintiff in the above
> named case, hereby appeals to the United States Court of Appeals for
> the Ninth Circuit from: the minute order, dated August 7, 2009,
> granting in part defendant's motion for summary judgment; the
> minute order, dated October 2, 2009, granting in part defendant's
> motions in limine; the Judgment entered on November 16, 2010; the
> opinion and order dated March 2, 2010, denying plaintiff's motion for
> a new trial; and the opinion and order dated March 11, 2010, granting
> defendant's cost bill.

(Docket #140.)  This appeal was given docket number 10-35387 by the Ninth Circuit and represents

the appeal on the merits.  The docket sheet reveals that the following meaningful activity has taken

place in the first appeal.  On June 27, 2011, Kyei filed a motion for summary reversal of the district

court. This motion was denied initially and on reconsideration.  On January 30, 2012, Kyei filed his

opening brief in his appeal.  On April 25, 2012, ODOT filed its answering brief, and Kyei filed his

reply on July 18, 2012.  Oral argument is scheduled on this matter on October 12, 2012, and the

briefing has been filed under seal.

On November 5, 2010, Kyei filed a second notice of appeal.  (Docket #191.)  This appeal

arose from the October 15 Order denying his second Rule 60(b) motion for relief from judgment.

This appeal was given docket number 10-36036.  The Ninth Circuit denied Kyei's appeal of this

order because the order was neither final nor appealable.  Kyei then moved for reconsideration of

the October 15 Order, which motion was again denied by the Ninth Circuit.  In his brief, Kyei

explained that the he moved for a new trial under Rule 60(b) in light of newly discovered evidence

that ODOT had engaged in improprieties at trial that rendered the existing judgment unsupportable

under the law.  Kyei wrote:

> When it came to light that Defendants had prevailed at trial by
> gaming the court proceedings in order to guarantee a favorable
> outcome, Plaintiff filed a motion before the District court under Fed.
> R. of Civ. P. 60(b) and 60(d) ("Rule 60") within its one year
> limits . . . asking for a hearing.  The Plaintiff Rule 60 motion in
> District Court was about Defendants misconduct that, while
> corrupting and invalidating the trial results, was not developed on the
> record or formed a part of the 1 April 2010 appeal of the case on the
> merits, errors of fact, law, or equity.  On October 15, 2010, the
> District Court refused to consider any Rule 60 motion for lack of
> jurisdiction.

(Appeal No. 10-36036, #8-1 at 1-2.)

The Ninth Circuit denied the motion for reconsideration.  In denying the motion for

reconsideration, the Ninth Circuit advised Kyei:  "This denial is without prejudice to appellant

seeking from the district court an indicative ruling of its willingness to entertain a motion pursuant

to Federal Rule of Civil Procedure 60(b)."  Appeal No. 10-36036, #9 (citing *Crateo v. Intermark,*

*Inc.*, 536 F.2d 862 (9th Cir. 1976); FED. R. APP. P. 12.1).

III.    The Current Motion

The motion currently under advisement is Kyei's request that the court issue an indicative

ruling that it will entertain a Rule 60(b) motion.  This harkens back to Kyei's Rule 60(b) motion that

is the subject of the second appeal.  Kyei's original motion was extremely vague as to the grounds

upon which it sought a new trial and, by all appearances, was a reiteration of Kyei's original Rule

60(b) motion on the merits that this court denied in a considered fifteen-page opinion and order.

Kyei did not provide insight into the basis for his second motion for a new trial until he requested

OPINION AND ORDER                          8                                    {KPR}

reconsideration by the Ninth Circuit, wherein for the first time he explained that the basis for the second motion for a new trial was Defendants' alleged trial misconduct.

In the materials supporting the current motion, Kyei provides more factual detail regarding his allegations. He cites testimony and evidence given at trial that he claims is indicative of fraud, including evidence of retaliation against another ODOT employee; the changed evaluation of a former supervisor; the submission of testimony, including the disclosure of privileged information, by union representatives that were formerly involved in Kyei's legal representation, one of whom was later paid by ODOT for consulting work; and the presentation of these representatives as "surprise" impeachment witnesses. Kyei also describes surveillance of Kyei by two unidentified persons for the two years preceding trial and for the period during trial. Kyei cites specific conduct which included collusion with defense counsel, unauthorized contact with Kyei's personal belongings and legal documents, recording of Kyei's conversations, and intimidation. Kyei contends that court personnel concurred with his observations of surveillance. Kyei characterizes this testimony, evidence, and conduct as tainting the legal proceedings and having the effect of discouraging employees from bringing discrimination claims against an employer.

Defendants respond that the allegations are wholly without merit and, regardless, they have already been addressed and rejected by the court.

The court must now determine whether Kyei's second motion for a new trial for alleged misconduct was both proper and distinct from his original motion such that the court had jurisdiction over said motion. This disposition will not, however, reach the merits of this motion.

*Legal Standard*

In general, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it

confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). It follows that the district court may exercise jurisdiction over those aspects not the subject of the appeal. *See Standard Oil Co. of California v. United States*, 429 U.S. 17, 18 (1976) ("Like the original district court judgment, the appellate mandate relates to the record and issues then before the court, and does not purport to deal with possible later events. Hence, the district judge is not flouting the mandate by acting on the motion." (citations omitted)). The *Standard Oil* holding has been concisely characterized by the Ninth Circuit as "holding that a district court confronted with a Rule 60 motion after conclusion of an appeal may revisit issues based on 'later events' but may not flout the mandate by re-deciding questions 'related to the record and issues previously before the appellate court.'" *Miltonous Kingdom v. A. A. Lamerque*, 392 Fed. Appx. 520, 521 n.1 (2010) (quoting *Standard Oil*, at 18) (brackets omitted).

In *Gould v. Mutual Life Insurance Co. of New York*, 790 F.2d 769 (9th Cir. 1986), the Ninth Circuit explicitly adopted the rule that a district court did not require leave of the appellate court prior to considering a Rule 60(b) motion: "Although language in the cited cases supports the proposition that the district court never regains jurisdiction in the absence of a remand, the better approach is that the district court may consider motions to vacate once the mandate has issued. . . . We agree and adopt the rule that, once the appellate mandate has issued, leave of this court is not required for district court consideration of a Rule 60(b) motion." *Id.* at 772-773. This general statement presupposes, however, that the Rule 60(b) motion is otherwise jurisdictionally appropriate. In *Gould*, the Rule 60(b) motion concerned the propriety of removal jurisdiction which was separate from the merits of the pending appeal, thus satisfying the *Standard Oil* holding that differentiated

between the merits of the pending appeal and the subject matter of the subsequent Rule 60(b) motion.

*Discussion*

Kyei first identified the misconduct for which he currently seeks redress in his February 9, 2011, motion seeking redaction.  In his briefing on that motion, Kyei identified improper examination by Defendants' counsel, accused Defendants of unlawful surveillance and acquisition of privileged material, alleged improper disclosure and testimony of the union representatives, and requested a hearing to discuss the possibility of sanctions.  Kyei argued that these allegations formed a sufficient basis to justify a hearing, namely that Defendants endeavored to compromise the integrity of the judicial process.

Kyei did not provide further information regarding these or any other allegations of misconduct at trial or subversion of the judicial process until he filed his brief in conjunction with his motion for reconsideration of his second appeal.  In his brief before the Ninth Circuit, Kyei cited newly discovered evidence of improprieties before this court, and the appellate court denied the motion for reconsideration and advised Kyei that this court could indicate its willingness to entertain a Rule 60(b) motion.  Kyei further expands on his allegations of misconduct and fraud in the present motion, as described above.

The court first notes that the bulk of the allegations forming the basis for Kyei's motion are directed at events occurring in the course of the jury trial in 2009.  To the extent that Kyei objects to testimony or evidence admitted at the trial, Defendants are correct that such objections are properly addressed by way of objection and appeal.  This observation applies specifically to the use of the union representatives as impeachment witnesses, the content of their testimony including

OPINION AND ORDER                              11                                    {KPR}

breach of privilege, the disclosure of privileged information at trial, and questioning by defense counsel as to the location of Kyei's residence.

As explained above, the district court may not entertain a Rule 60(b) motion where it concerns issues currently pending on appeal.  And, to the extent these issues were not preserved at trial and raised in the appeal, they are waived, but this determination is for the Court of Appeals. Here, the appeal on the merits is currently pending before the Ninth Circuit.  That said, a Rule 60(b) motion may be appropriate where it is based on "later events" not the subject of the pending appeal. *Standard Oil*, at 18.  Kyei does not argue that later events provide a basis for granting relief from the court's judgment.  Accordingly, this motion is again dismissed for lack of jurisdiction in light of the pending appeal of this case before the Ninth Circuit.

### Conclusion

For the reasons stated, the court denies Kyei's Motion for Indicative Ruling (#209).

DATED this 21st day of August, 2012.


          /s/ John V. Acosta
          JOHN V. ACOSTA
        United States Magistrate Judge


OPINION AND ORDER                    12                                {KPR}